IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA )
)   CaseNos. 3:08-cr-00174-JO
)              3:11-cv-70029-JO
)
v. )
)   OPINION AND ORDER
)
JAVIER AVILA-AGUILAR, )
)
      Defendant.

S. AMANDA MARSHALL
United State Attorney
District of Oregon
ETHAN D. KNIGHT
LEAH K. BOLSTAD
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR 97204-2902
      Attorneys for the United States of America

JAVIER AVILA-AGUILAR
      Pro-se

JONES, Judge:

Petitioner, Javier Avila-Aguilar, who is currently in the custody of the Federal Bureau of Prisons, brings this action seeking to vacate, set aside or correct his prison sentence pursuant to 28 U.S.C. § 2255. He contends that his trial counsel failed to provide effective assistance in three respects: (1) counsel failed to disclose the plea offer to petitioner and recommended that petitioner proceed to trial; (2) counsel failed to file a motion to suppress; and (3) counsel failed to object in a timely manner to petitioner's sentence on the basis that other defendant involved in the same criminal endeavor, received a more lenient prison sentences than did petitioner. For the reasons set forth below, petitioner's Modified Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#97) is denied.

## A. **Procedural Background**

In September, 2009, petitioner was charged in a Superseding Indictment (#29) with Possession with Intent to Distribute Methamphetamine in an amount exceeding 50 grams of actual (pure) methamphetamine (Count One) and Possession with Intent to Distribute Cocaine (Count Two), in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A)(viii). In October, 2009, the government filed an Information to Establish Prior Conviction (#31), under 21 U.S.C. § 851, providing notice to petitioner of its intent to rely on petitioner's 2001 conviction in Yamhill County, Oregon for distribution of a controlled substance to serve as a basis for an enhanced mandatory minimum sentence if petitioner was found guilty of the methamphetamine charge (Count One). On October 26, 2009, the Federal District Court conducted a pretrial conference at which all exhibits were pre-admitted and petitioner's motion in limine was granted. Following a two-day trial, petitioner was acquitted on Count One and convicted on Count Two. The court imposed a prison sentence of 20 years, followed by a three year term of supervised release.

Petitioner appealed and the Ninth Circuit Court of Appeals affirmed both the conviction (finding sufficient evidence to support the conviction) and the sentence (noting that the sentence was within the sentencing guidelines and the district court did not err by declining to compare the sentences.) United States v. Avila-Aguilar, 420 F. App'x 742 (9th Cir. 2011). The United States Supreme Court denied review. Avila-Aguilar v. United States, 132 S. Ct. 209 (2011). Thereafter, petitioner filed a pro se motion to set aside the criminal judgment and vacate the sentence. (#90) Petitioner withdrew his original motion and filed the current Motion to Vacate, Set Aside or Correct Sentence at issue here. (#97)

### B.  Factual Background

In August, 2007, the Portland Police Bureau's Drugs and Vice Division (DVD) began investigating a group selling powder cocaine in the Tigard, Oregon area. According to a confidential reliable informant (CRI), one of the members of the group, later identified as petitioner's brother Victor Avila-Aguilar, sold the CRI cocaine using a green Ford Ranger truck. Based on this information, DVD officers used the CRI to conduct three controlled buys of powder cocaine in the fall of 2007. Each buy involved one ounce of cocaine and was delivered by occupants in a green Ford Ranger truck. Prior to all three buys, DVD officers saw the green Ford Ranger truck depart from and return to a house on 198th Avenue in Aloha, Oregon.

Based on the information gathered during the controlled buys, a DVD officer applied for and received search warrants for the Aloha residence and the green Ford Ranger truck. In anticipation of the execution of the warrants, a DVD officer set up a fourth controlled buy of cocaine with the aid of the CRI. Shortly thereafter, surveillance officers observed two men leave the residence on 198th Avenue in Aloha and get into the green Ford Ranger truck. DVD officers conducted a traffic stop of the truck at an apartment complex. Both occupants of the truck were

taken into custody. The driver was identified as petitioner and the passenger was identified as Alejandro Cortez-Hernandez, who was later prosecuted in Oregon state court.

The search of the truck revealed 139.4 grams of powder cocaine hidden behind the passenger-side heating vent and a cell phone later determined to be the one that the CRI called to arrange the fourth controlled buy was found in the pocket of the passenger's side car door. Officer's searched petitioner and found $3091 in petitioner's front pocket, bank receipts showing two $2500 deposits and a Bally's identification card with petitioner's picture bearing the name Sergio Sosa Garundo.

The search of the home in Aloha uncovered evidence of drug distribution and evidence connecting petitioner to the residence. In the kitchen, officers found a digital scale, 67 grams of rock cocaine, a revolver, paperwork and a birth certificate bearing petitioner's alias, Sergio Sosa Garundo. In the south bedroom, officers discovered multiple bags of cocaine, a bag containing 127 grams of methamphetamine, 5 bags of MSM (a cutting agent used in the distribution of methamphetamine), latex gloves, photographs of petitioner, and paperwork and mail bearing the names of a number of different individuals, including petitioner. In the north bedroom, officers found cash and more guns as well as a cell phone bill addressed to petitioner at the home on 198th Avenue in Aloha.

Shortly after being taken into custody, petitioner was advised of his Miranda rights and transported back to the home on 198th Avenue to be interviewed. Petitioner denied living at the home and reported that two other people, Pedro and Sergio, lived in the house. Petitioner stated he never went inside the house. When asked why a framed photograph of petitioner and other individuals who appeared to be his children was on the top of the television in the living room, petitioner replied that he had given the photo to his friend.

At trial, petitioner testified on his own behalf and explained that in 2006 he returned illegally to the United States from Mexico to see his family and used aliases to avoid detection. He claimed that on the day of his arrest, a friend dropped him off at the house on 198th Avenue and he waited in the garage while Alejandro Cortez-Hernandez showered. Petitioner then drove Cortez-Hernandez to the apartment complex where they were arrested. The essence of petitioner's defense was that he had no connection to the drugs in the truck and or at the house. The jury acquitted petitioner on possession with intent to distribute methamphetamine (Count One) and found him guilty of possession with intent to distribute cocaine (Count Two.)

## C. Discussion

### 1. Sufficiency of the Evidence

Petitioner contends that the evidence offered against him by the government was insufficient to support his conviction. 28 U.S.C. § 2255 allows attack on a sentence imposed on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law, or (4) it is otherwise subject to collateral attack. Section 2255 does not allow for an attack on the sentence based on the sufficiency of the evidence. See, United States v. Addonizio, 442 U.S. 178, 184-86 (1979). Even if petitioner were allowed to challenge the sufficiency of the evidence pursuant to § 2255, the outcome would not change. On petitioner's direct appeal of his conviction, the Ninth Circuit Court of Appeals ruled that "[s]ufficient evidence existed to sustain the jury verdict." Avila-Aguilar, 420 F. App'x at 743.

### 2. Ineffective Assistance of Counsel

Petitioner asserts three specific grounds for his ineffective assistance of counsel claim. First, petitioner argues that his trial counsel failed to disclose the plea offer to him and instead,

recommended that he proceed to trial. Second, petitioner claims that trial counsel failed to file a motion to suppress evidence derived from his unlawful arrest. Finally, petitioner contends that trial counsel failed to object in a timely manner to petitioner's sentence on the basis that it was excessive in comparison to the sentence imposed on Cortez-Hernandez and failed to present mitigating factors for the trial court to consider at sentencing.

"The right to the effective assistance of counsel at trial is a bedrock principle in our justice system." Martinez v. Ryan, 132 S. Ct. 1309, 1317 (2012). In deciding whether a defendant has received effective assistance of counsel, " a court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, ... is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984). The Court in Strickland, adopted a two-part standard for evaluating claims of ineffective assistance of counsel: (1) "the defendant must show that counsel's representation fell below an objective standard of reasonableness," and (2) "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Strickland, 466 U.S. at 688 and 692.

### a.  The Plea Offer Process

Petitioner contends that counsel advised him to proceed to trial without giving him the opportunity to consider any plea agreement options offered by the government. This argument is refuted by counsel's affidavit and supporting documents, which reflect at least five meetings or

communications between petitioner and counsel. During those interactions, trial counsel explained to petitioner the strengths and weaknesses of his case, the details of the plea agreement offered by the Government, and petitioner's option either to accept the plea agreement or proceed to trial. (#108-1) The plea agreement offered by the Government required petitioner to plead guilty to Count One (Methamphetamine), which carried a mandatory minimum sentence of 5 years and a maximum of 40 years imprisonment, and accept his classification as a career offender pursuant to the United States Sentencing Guidelines (USSG) § 4B1.1. The agreement listed petitioner's relevant conduct, pursuant to USSG §§ 1B1.3 and 2D1.1(a), to be Level 32, with a two-level upward adjustment for firearm possession. It required abandonment of his rights to the three firearms found in the search of the home and forfeiture of the proceeds of the criminal activity. The agreement provided a three-level reduction for acceptance of responsibility and reserved petitioner's right to seek a four-level downward departure, adjustment or variance. (#108-1, Attachment A).

Because petitioner did not want to proceed to trial, he directed his trial counsel to try to obtain a more favorable plea agreement and contacted the Government directly with a counter-offer. In his counter-offer, petitioner responded that he would plead guilty to Count One only if the count did not specify the amount of methamphetamine he intended to distribute, and that there be no career criminal classification and no enhancement for firearms. In addition, petitioner reserved the right to seek a four-level downward departure. (#108-1, Attachment D). In response, the Government requested a reasonable counter-offer from petitioner, to which he replied "time served." (#108-1, Attachment F). Petitioner then directed trial counsel to reject the plea agreement offered by the Government and not to make a serious counter-offer, but to proceed to trial. Petitioner has not presented any facts that show counsel failed to provide any

7   Opinion and Order

plea agreement or that counsel advised petitioner to proceed to trial without reviewing the plea agreement options. Counsel's representation of petitioner did not fall below "an objective standard of reasonableness" as required by Strickland, and thus petitioner's ineffective assistance of counsel as to the plea offer process fails.

### b. Motion to Suppress

Petitioner contends that his arrest was unlawful and that counsel's failure to file a motion to suppress evidence incident to the arrest amounted to ineffective representation. Petitioner claims he was an innocent bystander and should not have been arrested. He claims he was unaware that he was riding in a vehicle that had been used in prior drug transactions with a person who was the target of a focused drug investigation. Prior to the arrest, the police observed three drug deals that began at the residence on 198th Avenue in Aloha and involved the use of a green Ford Ranger truck. Based on that evidence, the police obtained arrest and search warrants from Washington County Circuit Court. During the traffic stop, the police lawfully searched petitioner and discovered over $3000 in cash, bank receipts showing two deposits of $2500, an identification card with petitioner's picture but not his real name. The search of the truck revealed $139.4 grams of cocaine and a cell phone that was used to arrange the drug transaction. Probable cause existed to stop the truck and the evidence discovered during the search was sufficient to lead to petitioner's arrest. Counsel's belief that "there was [no] basis to file a motion to suppress Mr. Avila's arrest" was a reasonable belief and his decision not to file a motion to suppress did not fall below an objective standard of reasonableness. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

### c. Sentencing issues

Finally, petitioner contends counsel provided ineffective representation by failing to challenge his sentence as excessive compared to the 22-month sentence Cortez-Hernandez received in state court and by failing to present mitigating factors for the court to consider in determining his sentence. Petitioner's counsel submitted a sentencing memorandum in which he drew attention to the disparity between the sentences and argued for equal treatment for petitioner. (#65) The court rejected counsel's argument and accurately calculated the applicable advisory sentencing guidelines based on that petitioner's criminal history and refusal to accept responsibility for the crime. The court imposed a sentence that was within the guideline range. In the sentencing memorandum, petitioner's counsel also provided the court with mitigating factors for the court to consider in making its sentencing determination. Among the mitigating factors counsel investigated and included in the memorandum were that petitioner was gainfully employed for much of his adult life and did not make a living through drug-related crimes, that petitioner suffered from depression and drug addiction, and that petitioner had played a minor role in this crime. Petitioner does not identify any additional mitigating factors that counsel should have identified and brought to the court's attention. The services provided at sentencing by petitioner's counsel did not fall below an objective standard of reasonableness. Petitioner received effective assistance of counsel at his trial.

### 3. Conclusion

Petitioner has failed to meet the rigorous standard set out in <u>Strickland</u> to demonstrate the assistance he received from counsel was ineffective. Petitioner's motion to arrest and set aside a criminal judgment pursuant to 28 U.S.C § 2255 (#97) is DENIED. Petitioner has not demonstrated that he is entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2255 (2), thus

no hearing will be granted. Furthermore, petitioner has not made a substantial showing of a denial of Constitutional Right pursuant to 28 U.S.C. § 2253(c)(2), thus a Certificate of Appealability will not be granted.

IT IS SO ORDERED.

DATED this 18th day of April, 2013.

_____
Robert E. Jones
Senior United States District Judge